STATE OF NORTH CAROLINA v. BERRY SCOTT

No. 330PA90

(Filed 5 March 1992)

1. **Evidence and Witnesses § 293 (NCI4th)— prior alleged offense — acquittal — probative value divested**

Evidence that defendant committed a prior alleged offense for which he has been tried and acquitted may not be admitted in a subsequent trial for a different offense when its probative value depends upon the proposition that defendant in fact committed the prior crime. Defendant's acquittal of the offense so divests the evidence of probative value that, as a matter of law, it cannot outweigh the tendency of such evidence unfairly to prejudice the defendant, and the admission of such evidence violates Rule of Evidence 403.

**Am Jur 2d, Evidence § 332; Rape § 71.**

**Admissibility of evidence as to other offense as affected by defendant's acquittal of that offense. 25 ALR4th 934.**

2. **Evidence and Witnesses § 90 (NCI4th)— intrinsic nature of evidence — prejudice outweighing probative value — inadmissibility**

When the intrinsic nature of evidence itself is such that its probative value is always necessarily outweighed by the danger of unfair prejudice, the evidence becomes inadmissible under Rule of Evidence 403 as a matter of law.

**Am Jur 2d, Evidence §§ 253, 260.**

3. **Evidence and Witnesses § 726 (NCI4th)— prior rape for which defendant acquitted — admission prejudicial on rape and kidnapping charges**

The trial court's erroneous admission of testimony that defendant had previously committed another rape for which he was acquitted was prejudicial to defendant on charges of rape and kidnapping and entitled defendant to a new trial on those charges where the principal question for the jury in those cases was whether to believe the prosecuting witnesses or the defendant on the element of consent, and there was a reasonable possibility that a different result would have obtained at trial had this testimony not been admitted given

STATE v. SCOTT

[331 N.C. 39 (1992)]

the similarity of the circumstances of the rape for which defendant was on trial and those of the prior alleged rape.

**Am Jur 2d, Evidence § 332; Rape § 71.**

**Admissibility of evidence as to other offense as affected by defendant's acquittal of that offense. 25 ALR4th 934.**

4. **Evidence and Witnesses § 726 (NCI4th) — prior rape for which defendant acquitted — admission harmless on crime against nature charge**

The trial court's erroneous admission of testimony that defendant had previously committed a rape for which he was acquitted was not so prejudicial as to warrant a new trial on a crime against nature charge because consent is not a defense to crime against nature, defendant admitted that he committed cunnilingus upon the prosecuting witness, and this testimony could have had no conceivable effect on whether the jury believed defendant committed the crime against nature.

**Am Jur 2d, Evidence § 332; Rape § 71.**

**Admissibility of evidence as to other offense as affected by defendant's acquittal of that offense. 25 ALR4th 934.**

Justice MEYER dissenting.

Justice LAKE did not participate in the consideration or decision of this case.

ON discretionary review pursuant to N.C.G.S. § 7A-31 from the decision of the Court of Appeals, 99 N.C. App. 113, 392 S.E.2d 621 (1990), finding no error in defendant's trial and conviction at 16 January 1989 Criminal Session of Superior Court, COLUMBUS County, *Herring, J.,* presiding. Heard in the Supreme Court 12 March 1991.

*Lacy H. Thornburg, Attorney General, by Mary Jill Ledford, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Mark D. Montgomery, Assistant Appellate Defender, for defendant-appellant.*

EXUM, Chief Justice.

Upon duly returned indictments defendant was tried and convicted of crime against nature, second-degree kidnapping, and three

## STATE v. SCOTT

[331 N.C. 39 (1992)]

counts of second-degree rape. After being sentenced to ten years' imprisonment on the crime against nature conviction, thirty years' imprisonment on the kidnapping conviction, and forty years' imprisonment on the consolidated rape convictions, defendant appealed. The Court of Appeals found no error in defendant's trial and the judgments entered against him. We dismissed defendant's appeal but allowed his petition for discretionary review of the Court of Appeals' determination of one of the issues raised: whether the State may introduce in a subsequent criminal trial evidence of a prior alleged offense for which defendant had been tried and acquitted in an earlier trial. We hold that where the probative value of such evidence depends upon defendant's having in fact committed the prior alleged offense, his acquittal of the offense in an earlier trial so divests the evidence of probative value that, as a matter of law, it cannot outweigh the tendency of such evidence unfairly to prejudice the defendant. Such evidence is thus barred by N.C. R. Evid. 403.

I.

Evidence presented by the State tended to show defendant approached the prosecuting witness, a woman with whom he was acquainted, some time after 11:30 p.m. on 26 June 1988 at a convenience store where she had come to buy food for a friend. Defendant asked her for a ride home, and she agreed. She first drove with defendant to deliver the food. Around 1:30 a.m., she drove defendant at his request back to the convenience store to buy some cigarettes. As they were leaving the parking lot, defendant threatened her with a pocket knife and ordered her to drive elsewhere, where he forced her to have vaginal intercourse. Defendant subsequently forced her to drive to his house, enter, and engage in vaginal intercourse and fellatio.

The State introduced the testimony of Wanda Freeman, also a past acquaintance of defendant, who stated defendant had raped her two years earlier under similar circumstances. Defendant objected on the ground that he had been tried for the rape of Freeman and acquitted by the jury. The trial court ruled the evidence was admissible to show "opportunity, intent, preparation and plan" under Evidence Rule 404(b) and that its probative value outweighed any danger of unfair prejudice under Evidence Rule 403. The trial court later instructed the jury that it could consider this evidence on the issue of defendant's "intent, knowledge, plan, scheme, or design."

STATE v. SCOTT

[331 N.C. 39 (1992)]

Defendant testified that he had accompanied the prosecuting witness with her consent from the convenience store, that she agreed to accompany him and that they engaged in consensual sexual relations at his house only. He admitted that they engaged in consensual cunnilingus (but said nothing regarding fellatio).

The Court of Appeals found no error in its review of five issues raised by defendant on appeal. Defendant argued before the Court of Appeals that the testimony of Wanda Freeman should not have been admitted. As he had been acquitted of the rape of Freeman, defendant argued that admission of her testimony concerning the rape violated the fundamental fairness component of due process, and any probative value this evidence might have was outweighed by its tendency unfairly to prejudice defendant. It was therefore inadmissible under Evidence Rule 403.[1] The Court of Appeals concluded that defendant had not objected to the testimony on constitutional grounds at trial; therefore he was precluded from arguing constitutional grounds for its inadmissibility on appeal. The Court of Appeals did not address admissibility of this testimony under the Rules of Evidence.

[1] We conclude that evidence that defendant committed a prior alleged offense for which he has been tried and acquitted may not be admitted in a subsequent trial for a different offense when its probative value depends, as it did here, upon the proposition that defendant in fact committed the prior crime. To admit such evidence violates, as a matter of law, Evidence Rule 403.

[2] We acknowledge that, ordinarily, whether the probative value of evidence is "substantially outweighed by the danger of unfair prejudice," as Rule 403 provides, is a determination resting in the trial judge's discretion. *E.g., State v. Meekins*, 326 N.C. 689, 700, 329 S.E.2d 346, 352 (1990). The trial court's discretion, however, is not unlimited. Sound judicial discretion is "that [which] is . . . exercised . . . with regard to what is right and equitable under the circumstances and the law, and directed by the reason

---

1. Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C.G.S. § 8C-1, Rule 403 (1988).

Defendant also argued the evidence had no tendency to prove any of the matters listed in Rule 404(b) and thus was inadmissible on that ground.

and conscience of the judge to a just result." *State v. Tolley*, 290 N.C. at 367, 226 S.E.2d at 367-68 (quoting *Langnes v. Green*, 282 U.S. 531, 541, 75 L. Ed. 520, 526 (1931)). Its exercise is reviewable; and we have on occasion found the exercise of this discretion in favor of admission of the evidence to be error. *See, e.g., State v. Hennis*, 323 N.C. 279, 287, 372 S.E.2d 523, 527 (1988); *State v. Jones*, 322 N.C. 585, 590-91, 369 S.E.2d 822, 825 (1988); *State v. Kimbrell*, 320 N.C. 762, 769, 360 S.E.2d 691, 695 (1987). When the intrinsic nature of the evidence itself is such that its probative value is always necessarily outweighed by the danger of unfair prejudice, the evidence becomes inadmissible under the rule as a matter of law. The evidence at issue here is of that sort.

Two principles support this conclusion. First, fundamental to the admissibility of evidence of charges of which the defendant has been acquitted is the judicial presumption of innocence. This Court has recognized:

> An acquittal is the "legal and formal certification of the innocence of a person who has been charged with a crime." Black's Law Dictionary 23 (5th ed. 1979). Once a defendant has been acquitted of a crime he has been "set free or judicially discharged from an accusation; released from . . . a charge or *suspicion* of guilt." *People v. Lyman*, 53 A.D. 470, 473, 65 N.Y.S. 1062, 1065 (1900) (quoting 1 Am. & Eng. Enc. Law (2d ed. p. 573)) (emphasis added).

*State v. Marley*, 321 N.C. 415, 424, 364 S.E.2d 133, 138 (1988). Although a jury may acquit simply because the State has failed to prove a defendant's guilt beyond a reasonable doubt, we cannot enter the jury's "inner sanctum" to divine whether acquittal was based upon the State's failure to meet its burden of proof or upon the jury's belief in the defendant's innocence. *Id.*

> The inescapable point is that . . . [the] law requires proof beyond a reasonable doubt in criminal cases as the standard of proof commensurate with the presumption of innocence; a presumption not to be forgotten after the acquitting jury has left and sentencing has begun.

*Id.* at 424-25, 364 S.E.2d at 138 (quoting *State v. Cote*, 129 N.H. 358, 374, 530 A.2d 775, 784 (1987)).

Nor is the presumption of innocence to be forgotten in subsequent trials for other offenses. The presumption of innocence enters

STATE v. SCOTT

[331 N.C. 39 (1992)]

the courtroom with the accused, and it leaves with the acquitted: neither accusation nor suspicion may again enter the courtroom. "By definition, when the Government fails to prove a defendant guilty . . . , the defendant is considered legally innocent. . . . '[T]he acquitted defendant is to be treated as innocent and in the interests of fairness and finality made no more to answer for his alleged crime.'" *Dowling v. United States*, 493 U.S. 342, 361 n.4, 107 L. Ed. 2d 708, 726 n.4 (1990) (Brennan, J., dissenting, joined by Marshall, J., and Stevens, J.) (quoting *State v. Wakefield*, 278 N.W.2d 307, 308 (Minn. 1979)).

"Acquittal" is the judicial recognition of the innocence of a person who has been charged with a crime and whose presumed innocence, tested, is not overcome. One acquitted is "judicially discharged" from the accusation and released from both the charge and the suspicion of guilt. *State v. Marley*, 321 N.C. at 424, 364 S.E.2d at 138. A person acquitted of a charge should not be required again to defend himself against that charge in subsequent criminal proceedings in which he may become involved.

Second, the overwhelming potential for prejudice when such evidence is introduced, with or without limiting instructions, is a factor "which may 'undermine the fairness of the fact-finding process' and thereby dilute 'the principle that guilt is to be established by probative evidence and beyond a reasonable doubt.'" *State v. Tolley*, 290 N.C. 349, 365, 226 S.E.2d 353, 366 (1976) (quoting *Estelle v. Williams*, 425 U.S. 501, 503, 48 L. Ed. 2d 126, 130 (1976)). *See Dowling v. United States*, 493 U.S. at 361-62, 107 L. Ed. 2d at 726 (Brennan, J., dissenting, joined by Marshall, J., and Stevens, J.) ("One of the dangers inherent in the admission of extrinsic offense evidence is that the jury may convict the defendant not for the offense charged but for the extrinsic offense." (quoting *United States v. Beechum*, 582 F.2d 898, 914 (5th Cir. 1978))).

The North Carolina Rules of Evidence must be interpreted and applied in light of this proposition: an acquittal and the undefeated presumption of innocence it signifies mean that, in law, defendant did not commit the crime charged. When the probative value of evidence of this other conduct depends upon the proposition that defendant committed the prior crime, his earlier acquittal of that crime so erodes the probative value of the evidence that its potential for prejudice, which is great, must perforce outweigh its probative value under Rule 403. *See State v. Little*, 87 Ariz.

295, 307, 350 P.2d 756, 763 (1960) ("The fact of an acquittal, . . . when added to the tendency of such evidence to prove the defendant's bad character and criminal propensities, lowers the scale to the side of inadmissibility of such evidence."); *State v. Holman*, 611 S.W.2d 411, 413 (Tenn. 1981) ("[T]he probative value of such evidence cannot be said to outweigh its prejudicial effect upon the defendant. For such evidence to have any relevance or use in the case on trial, the jury would have to infer that, despite the acquittal, the defendant nevertheless was guilty of the prior crime. No such inference can properly be drawn from an acquittal").

The use of evidence of conduct underlying a prior charge of a crime for which the defendant has been tried and acquitted has been permitted in the exceptional case in which the conduct occurred in the same "chain of circumstances" as the crime for which the defendant is being tried. In *State v. Agee*, 326 N.C. 542, 391 S.E.2d 171 (1990), we held testimony that the defendant had possessed marijuana, despite his earlier acquittal of the possession charge, was admissible because that conduct was part of the same chain of circumstances which included the charged offense for which the defendant was on trial. Introduction of testimony about the marijuana possession was, despite the acquittal, necessary for the testifying witness to complete his story about what led to defendant's arrest and was inextricably entwined with the offense for which the defendant was then being tried. Holding this evidence was thus relevant under Rule 401, we examined its admissibility as a "crime, wrong or act" under Rule 404(b), and noted its essential identity to the "chain of circumstances" category of evidence when the two acts occurred contemporaneously. Under the particular circumstances of that case, evidence of the marijuana possession "form[ed] an integral and natural part of an account of the crime, or [was] necessary to complete the story of the crime for the jury." *Agee*, 326 N.C. at 548, 391 S.E.2d at 174 (quoting *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985)).

Under our view of Rule 404(b) as a general rule of inclusion, the evidence presented in *Agee* did not fit the single exception "requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Coffey*, 326 N.C. 268, 279, 389 S.E.2d 48, 54 (1990). This Court thus assumed, despite the defendant's acquittal, that evidence of his marijuana possession had some probative value by virtue of its inextricable

STATE v. SCOTT

[331 N.C. 39 (1992)]

connection to the chain of circumstances. Noting that evidence which is probative is inevitably prejudicial but that its balance is a question of degree within the discretion of the trial court, we held that under the circumstances of that case, the trial court had not abused its discretion. *State v. Agee*, 326 N.C. at 550, 391 S.E.2d at 176.

The logic of *Agee* does not apply to the case before us. The "chain of circumstances" link that arguably made this evidence probative in *Agee* by virtue of its temporal relevance to the crime for which the defendant was on trial is absent here. Unlike the evidence that defendant raped Freeman, the probative value of the evidence in *Agee* did not depend on defendant's having committed the crime of possession of marijuana.

[3] The error in admitting the testimony of Wanda Freeman entitles defendant to a new trial on the charges of kidnapping and rape. The test for prejudicial error is whether there is a reasonable possibility that, had the error not been committed, a different result would have been reached at trial. N.C.G.S. § 15A-1443(a) (1988). Defendant admitted being with the prosecuting witness and engaging in sexual relations with her. He testified she consented to being with him and to the sexual conduct which ensued. The State's evidence tended to show the prosecuting witness did not consent. Both the State's evidence and the defendant's were corroborated to some extent by the testimony of other witnesses. The principal question for the jury in the kidnapping and rape cases was whether to believe the prosecuting witnesses or the defendant on the element of consent. Given the similarity of the circumstances of the rape for which defendant was on trial and those of the rape about which Ms. Freeman testified, we conclude there is at least a reasonable possibility that had the error in admitting Ms. Freeman's testimony not been committed and this evidence excluded a different result would have obtained at trial. This determination is underscored by the high potential for prejudice inherent in the introduction of evidence of prior offenses, as we have already recognized.

[4] Consent, however, is not a defense to crime against nature. *E.g., State v. Adams*, 299 N.C. 699, 700, 264 S.E.2d 46, 50 (1980). Defendant admitted he had committed cunnilingus upon the prosecuting witness. Given this admission, Ms. Freeman's testimony could have had no conceivable effect on whether the jury believed defend-

ant had committed the crime against nature. As to this charge, therefore, the error in admitting Ms. Freeman's testimony is not so prejudicial as to warrant a new trial.

The result is: As to the crime against nature conviction (No. 88CRS3806), the decision of the Court of Appeals is affirmed and that conviction will stand. As to the kidnapping conviction (No. 88CRS3807) and the three convictions for rape (Nos. 88CRS3808, 88CRS3809, 88CRS3810), the decision of the Court of Appeals is reversed and defendant is given a new trial; these cases are remanded to the Court of Appeals for further remand to the Superior Court, Columbus County, for further proceedings consistent with this opinion.

Affirmed in part, reversed in part and remanded.

Justice LAKE did not participate in the consideration or decision of this case.

Justice MEYER dissenting.

First, I dissent because the majority has departed from our established standard of review for Rule 403 rulings by the trial court and has established a new standard. Heretofore, the standard of review of a trial judge's ruling, as in this case, that the probative value of a particular piece of evidence outweighed any danger of unfair prejudice under Rule 403 had been an abuse of discretion standard. *State v. Thompson*, 314 N.C. 618, 336 S.E.2d 78 (1985). The majority's new rule is, "When the intrinsic nature of the evidence itself is such that its probative value is always necessarily outweighed by the danger of unfair prejudice, the evidence becomes inadmissible under the rule 'as a matter of law.'" It should be noted that the application of the new rule is not limited to evidence of prior crimes of which a defendant has been acquitted. While the facts of the case at bar place under the new standard of review only prior crimes of which a defendant has been acquitted, who is to say what will, in future cases, fall within the category of evidence whose "intrinsic nature . . . is such that its probative value is always necessarily outweighed by the danger of unfair prejudice," causing that evidence to become "inadmissible . . . as a matter of law."

It is clear to me that the abuse of discretion standard is the only correct standard to be applied to Rule 403. The statute itself provides that "evidence *may* be excluded if its probative value is *substantially* outweighed" by reason of several circumstances, including (1) "unfair prejudice," (2) "confusion of the issues," or (3) misleading the jury; or "by *consideration of*" (4) "undue delay," (5) "waste of time," or (6) "needless presentation of cumulative evidence." N.C. R. Evid. 403 (emphasis added). The legislature's use of words that in themselves imply some kind of balancing or weighing, such as "unfair," "misleading," "undue," "waste," and "needless," evidences a legislative intent favoring *discretionary* rulings. The language of the rule itself convinces me that the legislature never intended to require the trial judge to exclude relevant and otherwise admissible evidence "as a matter of law." Those in the majority should ask themselves whether "confusion of the issues," "misleading the jury," "undue delay," "waste of time," and "needless presentation of cumulative evidence" — like "unfair prejudice" — are not better determined by discretionary weighing rather than by a ruling "as a matter of law."

I also dissent because I do not agree with the majority that evidence of another offense is rendered inadmissible "as a matter of law" by the fact that the defendant was tried and acquitted of that offense. Where evidence of another criminal act committed by the defendant is relevant and otherwise admissible, the trial court, in its discretion, may admit such evidence upon finding that the probative value of the evidence is not substantially outweighed by the prejudicial effect of the evidence. I conclude that the trial court in this case did not abuse its discretion in admitting evidence demonstrating that defendant had previously committed another rape for which he was tried and acquitted.

## I.

It is an established principle of the law of evidence that when a criminal defendant elects to testify in his own behalf, he is subject to cross-examination, for the purpose of impeachment, with respect to prior specific criminal acts or degrading conduct for which there has been no conviction.

*State v. Royal*, 300 N.C. 515, 529, 268 S.E.2d 517, 527 (1980). Our prior case law establishes that inquiry into prior criminal acts is permissible even where the defendant has been tried and judicially discharged of the criminal activity. *See State v. Leonard*, 300 N.C.

223, 266 S.E.2d 631 (permitting cross-examination of defendant concerning a prior shooting for which defendant had been found not guilty by reason of temporary insanity), *cert. denied*, 449 U.S. 960, 66 L. Ed. 2d 227 (1980); *State v. Herbin*, 298 N.C. 441, 259 S.E.2d 263 (1979) (concluding that it is permissible to cross-examine a defendant about a specific act of misconduct even though the defendant has been acquitted of charges arising out of the misconduct); *accord State v. Ross*, 295 N.C. 488, 246 S.E.2d 780 (1978) (approving of cross-examination about defendant's prior possession of drugs despite the fact that charges against defendant had been dismissed because the search that disclosed the drugs was declared unlawful).

I find no support for the majority's position in the case law of this state. The authorities relied on by the majority are unusual to say the least. Interestingly, the majority relies heavily on a dissenting opinion, *Dowling v. United States*, 493 U.S. 342, 354, 107 L. Ed. 2d 708, 721 (1990) (Brennan, J., dissenting), in a case decided by a 6 to 3 vote contrary to its position here. *Dowling* held that defendant's prior acquittal did *not* preclude the state from introducing evidence of those crimes in a subsequent case as is more fully explained herein.

The majority also relies on and quotes from our prior case of *State v. Marley*, 321 N.C. 415, 364 S.E.2d 133 (1988), which is totally inapposite. In *Marley*, the defendant was tried for first-degree murder on the theory of premeditation and deliberation. The jury found the defendant not guilty of first-degree murder but guilty of second-degree murder. The trial judge then aggravated the defendant's second-degree conviction upon finding that the defendant had premeditated and deliberated the murder—the very charge of which the jury had just acquitted the defendant. We properly held that the trial judge erred. Furthermore, in *Marley* we knew that the jury acquitted the defendant of first-degree murder *specifically* because it rejected the theory that the defendant premeditated and deliberated the murder.

For the proposition that the potential for prejudice (of crimes for which a defendant has been acquitted) undermines the fact-finding process, the majority cites language from *State v. Tolley*, 290 N.C. 349, 365, 226 S.E.2d 353, 366 (1976), in which this Court discussed the prejudice of trying a defendant while he is shackled. *Tolley* had nothing whatever to do with the introduction of evidence of other crimes. The only cases cited by the majority that lend

legitimacy to its position are one case from Arizona and one from Tennessee. The majority's holding today is contrary to the majority view in the United States. Christopher Bello, Annotation, *Admissibility of Evidence as to Other Offense as Affected by Defendant's Acquittal of that Offense*, 25 A.L.R.4th 934, § 2, at 939 (1983) ("[A] majority of jurisdictions [follow the rule] . . . that otherwise relevant and admissible evidence of another offense is not rendered inadmissible by the fact of the defendant's previous acquittal of that other offense, except to the extent that the acquittal may be a factor to be weighed in the discretionary balancing by the trial judge of the probative value of the evidence against its unfairly prejudicial effect, and in determining the threshold question of whether the evidence is sufficiently convincing to warrant its admission."); *see, e.g., Ex parte Bayne*, 375 So. 2d 1239 (Ala. 1979); *California v. Griffin*, 66 Cal. 2d 459, 426 P.2d 507, 58 Cal. Rptr. 107 (1967); *Womble v. Maryland*, 8 Md. App. 119, 258 A.2d 786 (1969); *Missouri v. Millard*, 242 S.W. 923 (Mo. 1922); *Montana v. Hopkins*, 68 Mont. 504, 219 P. 1106 (1923); *Oregon v. Smith*, 271 Or. 294, 532 P.2d 9 (1975). It is also interesting to note that the majority spends approximately one-fifth of its opinion distinguishing *State v. Agee*, 326 N.C. 542, 391 S.E.2d 171 (1990), in which this Court held that a defendant's acquittal of a prior charge did not prohibit introduction in a subsequent trial of evidence of the crime for which the defendant was acquitted.

I find no compelling reason why relevant, probative, and otherwise admissible evidence of a defendant's prior acts must be excluded for all purposes at subsequent criminal proceedings against the defendant simply because the evidence relates to alleged criminal conduct for which the defendant has been acquitted. An acquittal is not a judicial determination that the defendant charged did not commit the acts alleged against him. It merely shows that the State failed to carry its burden of proving *beyond a reasonable doubt every element* of the crime charged. The admissibility of other crimes evidence is not contingent upon the same standard of proof. Such evidence is relevant and admissible if "the jury can *reasonably conclude* that the act occurred and that the defendant was the actor." *Dowling*, 493 U.S. at 348, 107 L. Ed. 2d at 719 (emphasis added) (applying federal Rule 404(b), which, with one exception not applicable to this case, is identical to the North Carolina rule). Furthermore, the State's failure to meet its burden of proof as to *one element* of a crime charged, although necessar-

ily resulting in an acquittal, does not mean that the jury decided all issues in favor of the person charged. *Id.* at 349, 107 L. Ed. 2d at 719. A general verdict finding a defendant not guilty of alleged criminal activity may rest upon any one of a number of reasons that have absolutely no bearing on the purpose for which evidence of the criminal behavior is admitted in a subsequent trial against the defendant.

Recognizing the "number of possible explanations for [a] jury's acquittal verdict," the United States Supreme Court in *Dowling v. United States*, 493 U.S. 342, 107 L. Ed. 2d 708, held that the defendant's acquittal at his first trial of burglary, attempted robbery, assault, and weapons offenses did not preclude the state from introducing evidence of these crimes to prove, in a subsequent trial of the defendant, that the defendant was the perpetrator of a bank robbery. The *Dowling* Court reasoned that the jury in the first trial might reasonably have found that the defendant was the masked man who entered the victim's home, even if the jury did not believe beyond a reasonable doubt that the defendant had committed the crimes charged at the first trial. Finding the record devoid of any evidence that the question of identity was determined in the defendant's favor at the prior trial, the Court, even applying a constitutional standard, concluded that the defendant had "failed to satisfy his burden of demonstrating that the first jury concluded that he was not one of the intruders in [the victim's] home." *Dowling*, 493 U.S. at 352, 107 L. Ed. 2d at 720.

Applying the reasoning of the United States Supreme Court in *Dowling*, it is possible, for instance, that a defendant tried for first-degree murder might be acquitted because premeditation and deliberation was not proved to the jury's satisfaction beyond a reasonable doubt. Despite the defendant's acquittal, evidence of the prior murder, if relevant and probative, should be admissible in a subsequent murder trial of the same defendant where the perpetrator's identity is in question. Similarly, a jury might acquit a defendant of a burglary charge due to a lack of evidence that the prior incident occurred in the nighttime. This evidence might, however, be relevant and probative in the defendant's subsequent robbery trial to prove a plan or scheme on the part of the defendant to commit a series of robberies.

## II.

In the case *sub judice*, the evidence showing that defendant had previously raped Wanda Freeman was relevant, probative,

and admissible in defendant's subsequent rape trial. Evidence of other crimes, wrongs, or acts is inadmissible if its only relevancy is to show the defendant's character or his disposition to commit an offense of the nature of the one charged. N.C. R. Evid. 404(b); *State v. Jeter*, 326 N.C. 457, 389 S.E.2d 805 (1990). Where, however, such evidence tends to prove any other relevant fact, it will not be excluded simply because it shows the defendant to have been guilty of an independent crime. *Jeter*, 326 N.C. 457, 389 S.E.2d 805; *State v. Coffey*, 326 N.C. 268, 389 S.E.2d 48 (1990).

As recognized by the majority, Rule 404(b) of the North Carolina Rules of Evidence is a "general rule of *inclusion* of relevant evidence of other crimes, wrongs or acts by a defendant." *Coffey*, 326 N.C. at 278-79, 389 S.E.2d at 54.

> This rule of inclusion is "subject to but *one exception* requiring [the] exclusion [of evidence of other crimes, wrongs, or acts] if [the] *only* probative value [of such evidence] is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged."

*Jeter*, 326 N.C. at 459-60, 389 S.E.2d at 807 (quoting *Coffey*, 326 N.C. at 279, 389 S.E.2d at 55).

Here, we are dealing with a trial of offenses including three counts of second-degree rape and one count of crime against nature, as well as second-degree kidnapping, and the prior acquittal was on second-degree rape and sexual offense charges. As evidenced by many of our previous decisions, this Court has been very liberal in admitting evidence of similar sexual offenses by a defendant for the purposes set out in Rule 404(b). *State v. Cotton*, 318 N.C. 663, 351 S.E.2d 277 (1987). We have reaffirmed this position in several recent cases:

> Additionally, our decisions, both before and after the adoption of Rule 404(b), have been "markedly liberal" in holding evidence of prior sex offenses "admissible for one or more of the purposes listed [in the Rule] . . . ."

*Coffey*, 326 N.C. at 279, 389 S.E.2d at 54 (quoting 1 Brandis on North Carolina Evidence § 92 (3d ed. 1988) ).

> [N]ot only has this Court employed a "markedly liberal" interpretation of Rule 404(b) when the State was seeking to introduce evidence of prior, similar sex offenses by a defendant,

but we have stressed repeatedly that the rule is, at bottom, one of relevancy.

*State v. Jeter*, 326 N.C. at 459, 389 S.E.2d at 807 (citation omitted).

This is particularly the case where the purpose is to show *intent*, whether the other offense precedes or follows the incident for which defendant is being tried. *See, e.g., State v. Boyd*, 321 N.C. 574, 364 S.E.2d 118 (1988) (testimony regarding defendant's conduct with a young relative demonstrated defendant's scheme or intent to take advantage of young relatives left in his custody); *State v. Bagley*, 321 N.C. 201, 362 S.E.2d 244 (defendant had attempted to commit a sexual offense upon another victim ten weeks after the alleged forcible cunnilingus on the prosecutrix), *cert. denied*, 485 U.S. 1036, 99 L. Ed. 2d 912 (1988); *State v. Craven*, 312 N.C. 580, 324 S.E.2d 599 (1985) (subsequent indecent liberties probative as to *mens rea* for crimes with which defendant was charged); *State v. Williams*, 303 N.C. 507, 279 S.E.2d 592 (1981) (at trial upon two counts of first-degree sexual offense, evidence that, after the date of the offense charged, defendant sexually assaulted another victim by rubbing her breasts was admissible to show intent, plan, or design to commit the crimes charged); *State v. Davis*, 229 N.C. 386, 50 S.E.2d 37 (1948) (evidence of improper advances toward another female victim at the orphanage where defendant was superintendent was admissible to show attitude, animus, and purpose); *State v. Hall*, 85 N.C. App. 447, 355 S.E.2d 250 (defendant's intent in a prior conviction of assault with intent to commit rape was probative of his intent to rape another victim he later assaulted and kidnapped), *disc. rev. denied*, 320 N.C. 515, 358 S.E.2d 525 (1987).

Wanda Freeman's testimony concerning the earlier rape incident, in many respects, closely paralleled the evidence of the incident in the present case. The defendant, on foot, approached both Ms. Freeman and the victim in this case, who were approximately the same age, around midnight and requested rides home in their automobiles. Defendant previously knew each victim casually, allowing him to predict their amenability to his request. While the two crimes differ in that defendant brandished a knife in the present case but used no weapon against Ms. Freeman, defendant threatened both with serious bodily harm. Once the defendant got his victims to an isolated area, he ordered them out of the car, tried to pull them out of the car, took their keys, and once he got them outside, ordered them to take down their pants. When they

refused the latter demand, defendant forcibly loosened their pants. Subsequently, the victims were forced to submit to multiple acts of vaginal intercourse, and both victims were forced to perform one act of fellatio upon the defendant. In both cases, defendant showed a modicum of concern for his victim. After forcing the victim in this case to engage repeatedly in intercourse, defendant inquired if he had hurt her. He walked her to her car, drove with the victim to her apartment, and told her he would see her later. Following intercourse and fellatio with Ms. Freeman, defendant returned her keys and left the scene to obtain assistance in getting her car out of the mud. Given the similarities in the circumstances of the two rape incidents, the evidence of the earlier rape incident was relevant and highly probative of defendant's *intent* to commit the kidnapping, rape, and sexual offense charges for which he was being tried.

For the purpose of impeaching the victim's testimony and to suggest that she had fabricated the rape story, defendant introduced evidence tending to show that the victim in this case consented to accompanying him and to the sexual acts performed. Where, as here, a defendant maintains that the sexual acts for which he is being tried were committed with the victim's *consent*, evidence of other crimes and acts is also relevant to rebut the defendant's claim of consent. *See State v. Arnold*, 284 N.C. 41, 199 S.E.2d 423 (1973) (this Court, in a rape case, held that evidence of a prior offense was relevant where consent was an issue).

Courts in a majority of the other jurisdictions have likewise held admissible evidence of other offenses in cases where a defendant claims that the alleged victim *consented* to the sexual act and his intent, or the victim's nonconsent, is a material issue. *See, e.g., Fisher v. State*, 57 Ala. App. 310, 328 So. 2d 311 (prior sexual assault relevant to rebut defendant's claim that the victim's participation in the sexual act was voluntary), *cert. denied*, 295 Ala. 401, 328 So. 2d 321 (1976); *State v. Hill*, 104 Ariz. 238, 450 P.2d 696 (1969) (prior conviction of rape with similar circumstances relevant to prove a forcible rape by defendant, who had fallen asleep in bed of victim whom defendant claimed had consented); *People v. Gray*, 259 Cal. App. 2d 846, 66 Cal. Rptr. 654 (1968) (nature of prior attacks probative of consent where issue was that of consent); *Williams v. State*, 110 So. 2d 654 (Fla.) (evidence of common plan, scheme, and design admissible to meet anticipated defense of consent), *cert. denied*, 361 U.S. 847, 4 L. Ed. 2d 86 (1959); *Hunt*

*v. State*, 233 Ga. 329, 211 S.E.2d 288 (1974) (evidence of similar sexual offenses relevant to show intent of defendant relative to the issue of whether the victim consented to the sexual acts); *People v. Lighthart*, 62 Ill. App. 3d 720, 379 N.E.2d 403 (1978) (whether complainant consented was a question of fact for the jury, and evidence of prior conviction for attempted rape was admissible to show the defendant's mental state); *People v. Oliphant*, 399 Mich. 472, 250 N.W.2d 443 (1976) (evidence of other crimes admissible when the lack of consent is crucial to the prosecution's case).

After ruling that the evidence of the prior rape incident was admissible to show intent, preparation, and plan, the trial court properly weighed the probative value and prejudicial effect of the evidence, as follows:

[C]onsidering the evidence presented in the trial of this case, . . . the prior acts of the defendant, as above found in 1986, are sufficiently close in time and are of such a nature as to afford proof of opportunity, intent, preparation and plan as to be admissible in the trial of this case.

The Court find[s] further that the probative value of the testimony sought to be elicited by the State is — out — outweighs any danger of unfair prejudice, or confusion of issues, or of misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Based upon the evidence before the trial court, it cannot be shown that the trial judge's ruling was so arbitrary as to constitute an abuse of his discretion.

Nor did the trial court permit the jury to consider this evidence for any purpose prohibited by our rules of evidence. Defendant was permitted during cross-examination of Wanda Freeman to establish that he was found not guilty following a trial upon charges of second-degree rape and sexual offense arising from the incident. Thereafter, the trial judge instructed the jury that it could consider Wanda Freeman's testimony only for the purposes of showing intent, knowledge, plan, scheme, or design. His instructions in this regard were as follows:

Now, evidence has been presented in the trial of this case on behalf of the State tending to show that the witness, Wanda Freeman, knows the defendant, Berry Scott. That he was a boyfriend of her best girlfriend. That on the 6th of

STATE v. SCOTT

[331 N.C. 39 (1992)]

July, 1986, she saw him at about 11:30 to 12:00 at a parking lot and at his request agreed to give him a ride to his aunt's house. That she didn't know where it was, and he directed her down Highway 74-76 to a road six[ ] or seven miles out of Whiteville. That they ended up in an open field with the car stuck, and while there the defendant forced himself upon her and engaged in vaginal intercourse with her without her consent and against her will, as well as oral sex. And that although the case was brought to trial, there was a verdict of not guilty in that case.

Now, that's what some of that evidence tends to show. The defendant denies that he committed those acts.

I instruct you that this evidence has been received solely for the purpose of showing, if you find, that the defendant in this case had the intent, which is a necessary element of the crimes charged in this case; or, that the defendant had the knowledge, which is a necessary element of the crime or part of them charged; and that there existed in the mind of the defendant a plan, scheme, system or design involving the crime charged in this case.

If you believe this evidence, members of the jury, then you may consider it, but only for the limited purpose for which it was received and none other.

You may not convict the defendant in this case based upon something that you may find happened in the past with respect to someone else.

You should also weigh and consider the fact, along with the other evidence in this regard, that a jury returned a verdict of not guilty in that particular case on those particular facts.

In my view, this was a correct, proper, and adequate limiting instruction.

The burden is on the defendant to demonstrate that the issue which he seeks, by his challenge to the evidence, to foreclose was actually decided in the first case. *Dowling*, 493 U.S. 342, 107 L. Ed. 2d 708. Where, as here, no evidence is introduced as to the reason for the acquittal in the prior case, a trial court may, in its discretion, admit evidence of the defendant's prior criminal activity, if relevant and probative of some issue before the trial court.

I believe that the majority has grievously erred in adopting its new rule. Furthermore, I cannot conclude, under our traditional rule, that the trial court's ruling in admitting evidence establishing that defendant had previously committed another rape for which he was tried and acquitted was so arbitrary that it could not have been the result of a reasoned decision. Therefore, I dissent from the majority's opinion and vote to affirm the decision of the Court of Appeals finding no error in defendant's trial.