STATE OF NORTH CAROLINA v. FREDDIE ROBINSON, Defendant

No. 9310SC902

(Filed 21 June 1994)

1. **Evidence and Witnesses § 368 (NCI4th)— breaking or entering—previous incident—no conviction—course of conduct—admission erroneous but not prejudicial**

There was no prejudicial error in a prosecution for feloniously breaking or entering a health club and possession of housebreaking tools where the trial court allowed the State to introduce the testimony of a salesperson at a store that defendant had entered the stockroom and office area and had stolen a

cash box, but had been acquitted because the arresting officer was not present when the case was tried. Since the probative value of the testimony to prove intent, common scheme, plan, *modus operandi* or absence of mistake directly depended on defendant in fact having committed the crime which the testimony related, the acquittal divests the evidence of probative value and its admission was error. However, given the other evidence, there was no reasonable possibility that a different result would have been reached had the testimony been excluded.

**Am Jur 2d, Burglary § 63.**

2. **Burglary and Unlawful Breakings § 121 (NCI4th)— possession of housebreaking implements—evidence sufficient**

The trial court did not err by denying defendant's motion to dismiss the charge of felonious possession of implements of housebreaking where defendant was found inside a private office in a private establishment without permission, standing behind the owner's desk, in possession of a screwdriver and ice pick; the owner heard defendant shake the desk drawer; defendant tried to leave upon being discovered; and defendant gave conflicting statements as to his purpose in being there. Although the tools possessed by defendant were capable of legitimate use, a legitimate inference can be drawn that defendant possessed the screwdriver and ice pick for the purpose of breaking into the building. N.C.G.S. § 14-55.

**Am Jur 2d, Burglary § 77.**

3. **Burglary and Unlawful Breakings § 167 (NCI4th)— felonious breaking or entering—non-felonious breaking or entering not submitted—no error**

The trial court did not err in a felonious breaking or entering prosecution by not submitting non-felonious breaking or entering where defendant specially requested the trial court not to submit non-felonious breaking or entering as a lesser-included offense and where there was no evidence tending to show non-felonious breaking or entering.

**Am Jur 2d, Burglary §§ 66 et seq.**

Appeal by defendant from judgment entered 6 May 1993 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 13 April 1994.

**STATE v. ROBINSON**

[115 N.C. App. 358 (1994)]

*Attorney General Michael F. Easley, by Assistant Attorney General Deborah L. McSwain, for the State.*

*John T. Hall for defendant-appellant.*

MARTIN, Judge.

Defendant appeals from a jury verdict finding him guilty of felonious breaking or entering and possession of implements of housebreaking and from a judgment and commitment entered on the verdicts imposing an active term of imprisonment.

The evidence presented at defendant's trial tended to show that on Sunday, 8 March 1992, the owner of a health and fitness club in Raleigh found the door to his second floor office open and heard the sound of a desk drawer being shaken. Upon investigating, the owner found defendant standing behind the desk. Defendant was not a member of the club and did not have permission to be in the building or in the owner's office. Defendant told the owner he was looking for a job and tried to leave. The owner subdued him and found a screwdriver in defendant's pocket and an icepick in his waist band. The police were notified and when an officer arrived, defendant told the officer that he had had car trouble and had come into the building looking for tools. He later told the officer that his car was operational but that he had been working on the mirrors.

After a *voir dire* hearing, the State also offered the testimony of two witnesses who testified as to similar incidents involving defendant. Crystal Clayton, a store manager at a Greensboro shopping mall, testified that on 3 October 1991, defendant had entered the store's stockroom and tampered with the handle of the store's safe. When Ms. Clayton started towards the stockroom, defendant quickly left. The trial court admitted Ms. Clayton's testimony for the limited purpose of showing defendant's intent, a common plan or scheme, or the absence of mistake. Michelle Austin, a salesperson at a store in a Burlington shopping mall, testified that on 30 March 1989, defendant had entered the stockroom and office area of the store and had stolen a cash box. However, Ms. Austin testified that defendant was acquitted of the charge because the arresting police officer was not present in court when defendant's case was tried.

[1] Defendant first contends that he is entitled to a new trial because the admission of Ms. Austin's testimony unfairly prejudiced him by allowing the jury to consider evidence concerning a crime for which

defendant was acquitted. We agree that the admission of Ms. Austin's testimony was error, but not of such magnitude as to entitle defendant to a new trial.

N.C. Gen. Stat. § 8C-1, Rule 404(b) provides:

> Other crimes, wrongs, or acts.—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

The trial court admitted the testimony of Ms. Austin to show intent, plan or absence of mistake on the part of defendant. However, even if the evidence was relevant for one of the purposes enumerated in Rule 404(b), it must still be excluded, under Rule 403, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403.

The State argues that according to *State v. Coffey*, 326 N.C. 268, 281, 389 S.E.2d 48, 56 (1990), the decision "[w]hether to exclude evidence under Rule 403 is a matter left to the sound discretion of the trial court," and that the trial judge properly exercised his discretion. In admitting the testimony, the trial court stated that it had applied the balancing test of Rule 403 to the evidence and concluded that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice to defendant. Ordinarily, such a determination is committed to the sound discretion of the trial judge, but the exercise of that discretion is reviewable and "[w]hen the intrinsic nature of the evidence itself is such that its probative value is always necessarily outweighed by the danger of unfair prejudice, the evidence becomes inadmissible under the rule as a matter of law." *State v. Scott*, 331 N.C. 39, 43, 413 S.E.2d 787, 789 (1992).

In *Scott*, the Supreme Court observed:

> The North Carolina Rules of Evidence must be interpreted and applied in light of this proposition: an acquittal and the undefeated presumption of innocence it signifies mean that, in law, defendant did not commit the crime charged. When the probative value of evidence of this other conduct depends upon the proposition that defendant committed the prior crime, his earlier

acquittal of that crime so erodes the probative value of the evidence that its potential for prejudice, which is great, must perforce outweigh its probative value under Rule 403.

*Id.* at 44, 413 S.E.2d at 790. Thus, the court held:

[E]vidence that defendant committed a prior alleged offense for which he has been tried and acquitted may not be admitted in a subsequent trial for a different offense when its probative value depends, as it did here, upon the proposition that defendant in fact committed the prior crime. To admit such evidence violates, **as a matter of law**, Evidence Rule 403. (Emphasis added.)

*Id.* at 42, 413 S.E.2d at 788.

Since the probative value of Ms. Austin's testimony to prove intent, common scheme, plan, *modus operandi*, or absence of mistake directly depended on defendant in fact having committed the crime about which Ms. Austin testified, pursuant to *Scott,* we are compelled to find that defendant's "acquittal of the offense in an earlier trial so divests the evidence of probative value that, as a matter of law, it cannot outweigh the tendency of such evidence unfairly to prejudice the defendant." *Id.* at 41, 413 S.E.2d 788. Thus, we hold that the admission of Ms. Austin's testimony was error.

In spite, however, of our conclusion that the admission of Ms. Austin's testimony was error, the error was not so prejudicial as to warrant a new trial. Given the circumstances under which defendant was found in the private office, his self-contradictory and highly improbable explanations for his presence there, and the strikingly similar testimony of Ms. Clayton, to which defendant did not object, we do not believe that there was any reasonable possibility that, had Ms. Austin's testimony been excluded, a different result would have been reached at trial. N.C. Gen. Stat. § 15A-1443(a).

[2] Defendant next assigns error to the denial of his motion to dismiss the charge of felonious possession of implements of housebreaking. We hold that the evidence was sufficient to submit the question of defendant's guilt of felonious possession of implements of housebreaking to the jury. In ruling upon a motion to dismiss in a criminal case, the trial court must determine whether there is substantial evidence to support a finding of the existence of each element of the offense charged and that the defendant committed it. *State v. Vines*, 317 N.C. 242, 345 S.E.2d 169 (1986). "Substantial evidence is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "If there is substantial evidence—whether direct, circumstantial, or both—to support a finding that the offense charged has been committed and that the defendant committed it, a case for the jury is made and nonsuit should be denied." *State v. McKinney*, 288 N.C. 113, 117, 215 S.E.2d 578, 582 (1975).

N.C. Gen. Stat. § 14-55 provides, in pertinent part:

> If any person . . . shall be found having in his possession, without lawful excuse, any picklock, key, bit, or other implement of housebreaking; . . . such person shall be punished as a Class H felon.

The necessary elements for conviction of the offense described in the above quoted provision are (1) the possession of an implement of housebreaking (2) without lawful excuse. *State v. Morgan*, 268 N.C. 214, 220, 150 S.E.2d 377, 382 (1966).

In the present case, defendant was found inside a private office in a private establishment without permission, standing behind the owner's desk, in possession of a screwdriver and an icepick. The owner heard defendant shake the desk drawer. Upon being discovered, defendant tried to leave. He gave conflicting statements as to his purpose in being there. Although the tools possessed by defendant were capable of legitimate use, under the circumstances shown by the State, a legitimate inference can be drawn that defendant possessed the screwdriver and icepick for the purpose of breaking into the building, so as to come within the proscription of N.C. Gen. Stat. § 14-55 as "other implements of housebreaking." *See State v. Lovelace*, 272 N.C. 496, 158 S.E.2d 624 (1968). Defendant's motion to dismiss was properly denied.

[3] Finally defendant contends that the trial court committed error by failing to instruct as to the lesser included offense of non-felonious breaking or entering. We disagree. The record reflects that at the conference on instructions, defendant specifically requested the trial court not to submit the offense of non-felonious breaking or entering as a lesser included offense. Thus, he is barred by N.C.R. App. P. 10(b)(2) from assigning as error the failure of the trial court to instruct the jury on the lesser included offense. *State v. Collins*, 334 N.C. 54, 431 S.E.2d 188 (1993). Defendant argues, however, that the failure to give the instruction was "plain error," reviewable under *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983). We disagree.

"Where all the evidence tends to show that the crime charged in the indictment was committed, and there is no evidence tending to show commission of a charge of less degree . . . the court correctly refuses to charge on the unsupported lesser degree." *State v. Duboise*, 279 N.C. 73, 80, 181 S.E.2d 393, 397 (1971). In this case, there was no evidence tending to show the commission of non-felonious breaking or entering; rather the evidence showed clearly defendant's intent to commit larceny in the owner's office and that he was interrupted in the commission of his objective. The failure of the trial judge to submit the lesser included misdemeanor was not "plain error."

We hold that defendant received a fair trial, free from prejudicial error.

No error.

Judges COZORT and ORR concur.