STATE OF NORTH CAROLINA,
v.
J. GUADALUPE GARAY GALINDO.
No. COA08-1460.
Court of Appeals of North Carolina.
Filed February 16, 2010.
This case not for publication.
Attorney General Roy Cooper, by Assistant Attorney General John A. Payne, for the State.
Marilyn G. Ozer, for Defendant-appellant.
WYNN, Judge.
Where the probative value of Rule 404(b) evidence depends on defendant having in fact committed the prior alleged offense, his not being found guilty of the earlier offense can so divest the evidence of probative value that it must fail under Rule 403.[1] Here, Defendant J. Guadalupe Garay Galindo argues the trial court erred by admitting evidence of his alleged involvement in a prior cocaine transaction because the State failed to prove that the substance involved was cocaine. We hold that the trial court erred in admitting evidence of the prior transaction, but that the error was harmless error in light of the overwhelming evidence of Defendant's guilt of the offenses for which he was charged.
In November 2007, Detective Gregory J. Porterfield worked undercover in the drugs and vice unit of the Raleigh Police Department. Through a confidential informant, Detective Porterfield arranged to purchase cocaine on 8 November from a suspected dealer named Alejandro Torres Escalera, who was also known by the nickname "Cowboy." The transaction was arranged to occur at "Privette's Grocery" in Franklin County.
On 8 November, Detective Porterfield drove with the informant in his undercover vehicle to the arranged location where they met Escalera, who joined them in the undercover vehicle. While the three men waited, Escalera explained that "his people" were bringing the drugs from South Carolina. Escalera testified at trial that he had telephoned Defendant to send the drugs for sale to Detective Porterfield.
Escalera drove off in his vehicle for about fifteen minutes. When he returned, he parked beside Detective Porterfield's vehicle, and the men conversed through open windows for another fifteen to twenty minutes. Shortly thereafter, a dark compact car pulled into the parking lot and "a younger Hispanic male," later identified as Defendant's nephew, Juan Carlos Ortiz Araujo, got out and stood in the parking lot. Escalera got out of his car and spoke briefly to Araujo; left Araujo standing in the parking lot; walked to an adjacent gravel parking lot; and flagged the black compact car to that gravel parking lot.
At trial, Detective Porterfield testified that the black compact car was occupied only by the driver at that time, whom he identified in court as Defendant.[2] Detective Porterfield recalled that Escalera got into the black compact car with Defendant for a few moments. Escalera exited the black compact car and walked back to Detective Porterfield's vehicle. Escalera reached into a sling on his arm, and handed Detective Porterfield a digital scale and "what appeared to be 29 grams of cocaine." In exchange, Detective Porterfield gave Escalera $900.00. Detective Porterfield also testified that, by that point in his career, he had seen cocaine 400 to 500 times; however, the substance Detective Porterfield received from Escalera on 8 November 2007 was not tested in a lab and did not give rise to any criminal charges.
After the 8 November transaction, Detective Porterfield kept in communication with Escalera concerning a future purchase. Eventually the men agreed to complete another transaction on 28 November 2007 at a construction site in Cary where Escalera worked.
On 28 November 2007, Detective Porterfield drove to the construction site and met Escalera to purchase a half kilogram, or 500 grams of cocaine. Escalera got into Detective Porterfield's vehicle and told him to drive around the back of the construction site and to park next to a dark model compact car. Detective Porterfield testified that he could see Defendant sitting in the driver's seat, and Araujo in the passenger's seat, of the dark compact car. Detective Porterfield declined to park right next to the dark compact car for safety reasons. Instead, Escalera walked to the dark compact car Defendant was sitting in. Escalera remained in the car for about a minute, and then he returned to Detective Porterfield's vehicle. He handed Detective Porterfield a package containing a substance that was later identified by chemical analysis as 500.4 grams of cocaine. Thereafter, positioned undercover officers closed in and arrested Defendant, Araujo, and Escalera.
Before Defendant's trial, Escalera and Araujo pled guilty to trafficking in cocaine by sale and by possession, and their sentencing was deferred upon agreements with the State to testify truthfully at Defendant's trial. Defendant moved under Rule of Evidence 403 and 404(b) to exclude evidence of the 8 November 2007 transaction. After extended voir dire of Detective Porterfield, the trial court ruled that the 8 November transaction was sufficiently similar and close in temporal proximity to be admissible. A jury convicted Defendant of one count each of conspiring to traffic in cocaine, trafficking in cocaine by possession, and trafficking in cocaine by transportation.
On appeal, Defendant argues the trial court erred because: (I) the Supreme Court's ruling in State v. Llamas-Hernandez, 363 N.C. 8, 673 S.E.2d 658 (2009), entitles him to a new trial; (II) evidence of the 8 November 2007 transaction was inadmissible under Rules 403 and 404(b); and (III) the jury instructions allowed jurors to believe they could consider evidence of the 8 November transaction for its tendency to prove a plan of which Defendant need not have had knowledge.

I. Llamas-Hernandez

Defendant first contends, in a motion for appropriate relief and a reply brief filed with this Court, that he is entitled to a new trial in light of our Supreme Court's decision in State v. Llamas-Hernandez. We disagree.
In Llamas-Hernandez, 189 N.C. App. 640, 659 S.E.2d 79 (2008), defendant challenged the admission of lay opinion testimony that a particular substance was powder cocaine. A divided panel of this Court upheld the trial court's admission of the testimony on the basis of State v. Freeman, 185 N.C. App. 408, 648 S.E.2d 876 (2007)(holding trial court did not err by allowing lay testimony that a substance was crack cocaine). Judge Steelman dissented, arguing that "by enacting such a technical, scientific definition of cocaine, it is clear that the General Assembly intended that expert testimony be required to establish that a substance is in fact a controlled substance." Llamas-Hernandez, 189 N.C. App. at 652, 659 S.E.2d at 86 (Steelman, J., dissenting) (referring to N.C. Gen. Stat. § 90-87(14a) which provides different technical definitions of "isomer" for various statutes that employ the term). The Supreme Court reversed this Court's decision on the grounds of Judge Steelman's dissent without further comment. Llamas-Hernandez, 363 N.C. 8, 673 S.E.2d 658 (2009)(per curiam). Llamas-Hernandez consequently stands for the proposition that a visual inspection alone is insufficient to establish beyond a reasonable doubt that a suspected controlled substance, defined in the statutes by its chemical composition, is in fact what it is suspected to be.
Defendant's charges and convictions relate only to the 28 November 2007 transaction. Agent Bommer, a forensic drug chemist, gave expert testimony based on a chemical analysis that the substance involved in that transaction was cocaine. This testimony satisfies the requirements of Llamas-Hernandez for the identification of the controlled substance which Defendant was convicted of trafficking.
But Llamas-Hernandez, by its terms, does not affect the admissibility of Rule 404(b) evidence. The evidence identified as cocaine through lay opinion testimony, in the 8 November 2007 transaction, was admitted under Rule 404(b). Accordingly, the State did not bear the burden of proving beyond a reasonable doubt that the substance involved in the 8 November 2007 transaction was cocaine because Defendant was not on trial for that transaction. See State v. Haskins, 104 N.C. App. 675, 679, 411 S.E.2d 376, 380 (1991)("[Rule 404(b)] evidence is relevant only if the jury can conclude by a preponderance of the evidence that the extrinsic act occurred and that the defendant was the actor."), disc. review denied, 331 N.C. 287, 417 S.E.2d 256 (1992).
Nonetheless, Defendant argues in his motion for appropriate relief that he was prejudiced by the violation of Llamas-Hernandez because evidence of the 8 November transaction was necessary to support his conviction for conspiracy to traffic in cocaine. He argues that there was no evidence of a conspiracy without evidence of the 8 November transaction. Assuming arguendo that there was a violation, this argument also fails.
Defendant's conviction for conspiracy to traffic was not dependent on the testimony regarding the prior bad act. Escalera testified repeatedly that he requested Defendant to bring the drugs to him on 28 November 2007. Araujo testified that Defendant asked him to help find the address where the transaction was planned to occur. Accordingly, the State presented substantial evidence of each element of a conspiracy without evidence of the 8 November transaction. See State v. Jenkins, 167 N.C. App. 696, 700, 606 S.E.2d 430, 433 (holding evidence that defendant entered an agreement to traffic by possessing cocaine, and intended that the agreement be carried out at the time it was made was sufficient to support conviction for conspiracy to traffic in cocaine), aff'd, 359 N.C. 423, 611 S.E.2d 833 (2005). We therefore conclude that there was no violation of Llamas-Hernandez, and that there was substantial evidence to support the conspiracy conviction.

II. Rules 403 and 404(b)
Next, Defendant argues the trial court erroneously admitted evidence of the 8 November transaction in violation of Rules 404(b) and Rule 403. Defendant argues (1) that the trial court failed preliminarily to determine the admissibility of the evidence as a question of law; (2) that the State did not produce substantial evidence that Defendant was present; and (3) that the State did not produce substantial evidence that the package actually contained an illegal substance.
Rule 404(b) provides that:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.
N.C. Gen. Stat. § 8C-1, Rule 404(b) (2009). We have elsewhere articulated that Rule 404(b) states a general rule of inclusion, subject to but one exception requiring the exclusion of evidence regarding other crimes, wrongs, or acts of defendant if the only probative value of such evidence is to show that defendant has a propensity or disposition to commit a similar offense to that charged. State v. Coffey, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990); see also State v. Stager, 329 N.C. 278, 303-04, 406 S.E.2d 876, 890 (1991). Furthermore, "the rule of inclusion described in Coffey is constrained by the requirements of similarity and temporal proximity." State v. Al-Bayyinah, 356 N.C. 150, 154, 567 S.E.2d 120, 123 (2002).

(1)
Evidentiary rulings are preliminary matters for the trial court to determine in its discretion. N.C. Gen. Stat. § 8C-1, Rule 104 (2007); see also State v. Tellez, __ N.C. App. __, __, 684 S.E.2d 733, 739 (2009). The transcript shows that the trial court fully exercised its discretion here. The trial court permitted extensive voir dire of Detective Porterfield to determine the admissibility of the 8 November transaction. After hearing Detective Porterfield's testimony, the trial court concluded that the 8 November 2007 transaction:
is sufficiently similar to the described circumstances surrounding the events subsequent on the November the 28th exchange of cocaine for money . . . and because of that similarity, the Court finds that the evidence will be admissible under Evidence rule 404(b) and would not be excludable  or excluded by the Court on the basis of 403.
Accordingly, the trial court made the required preliminary determination regarding the admissibility of the 8 November transaction.

(2)
Defendant next argues that the State did not produce substantial evidence that Defendant was present. "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." State v. Crawford, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996). While the testimony regarding whether Defendant was actually present at the 8 November 2007 transaction conflicted, Detective Porterfield's testimony that he saw Defendant driving the black compact car on 8 November is substantial evidence that Defendant was present. Any conflict in the testimony concerning Defendant's presence was properly left to the jury. Accordingly, we find no merit to this argument.
Defendant's reliance on State v. Carpenter, 361 N.C. 382, 646 S.E.2d 105 (2007) is misplaced. The defendant in Carpenter was convicted of possession with intent to sell or deliver cocaine. "During the trial, the State introduced evidence pursuant to North Carolina Rule of Evidence 404(b) of defendant's prior sale of cocaine [eight years earlier] and resulting felony conviction." Id. at 383, 646 S.E.2d at 107. Defendant in Carpenter argued that the offenses were not sufficiently similar:
In 1996, the crime took place in the afternoon in a high crime area when defendant sold six rocks of crack cocaine to a police informant who approached him to make a purchase. The informant placed these rocks in a "BC Powder" plastic package provided by the police. In 2004, defendant was a passenger in a car stopped at night for a routine traffic offense across from a community college. The police officer searched defendant and found twelve rocks of crack cocaine in defendant's small cylindrical tube, but did not discover normal indices of drug selling, such as scales, a pager, or cash.
Id. at 390-91, 646 S.E.2d at 111. Our Supreme Court agreed that defendant's previous sale of cocaine was not sufficiently similar to render it admissible under Rule 404(b). Id. at 391-92, 646 S.E.2d at 112.
The facts of Carpenter are distinguishable from the facts before us. Unlike Carpenter, this case presents two instances of orchestrated drug transactions occurring within one month of each other. Unlike Carpenter, in this case the same Detective attempted to purchase the same substance from the same people through the same intermediary. Unlike Carpenter, Defendant in this case twice appeared with the same companion in the same automobile. We find Defendant's attempt to analogize to Carpenter unpersuasive. Consequently we hold that the trial court did not err in admitting the evidence of Defendant's presence at the 8 November transaction pursuant to Rule 404(b).

(3)
Defendant also argues that the trial court erred in admitting evidence that the substance involved in the 8 November transaction was cocaine. This is because the State failed to produce substantial evidence that the package actually contained an illegal substance. We observed above that, because the evidence was admitted pursuant to Rule 404(b), the State did not bear the burden of proving beyond a reasonable doubt that the substance was in fact cocaine. Applying the principles enunciated above, we conclude that the trial court did not violate Rule 404(b) in admitting evidence that the substance involved appeared to Detective Porterfield to be cocaine.
We must now consider whether the admission of that identification violated Rule 403, and if it did, whether that violation constitutes prejudicial error. This Court's recent opinion in State v. Ward is instructive in that regard. __ N.C. App. __, 681 S.E.2d 354, disc. rev. allowed, __ N.C. __, 686 S.E.2d 153 (2009).
In Ward, defendant appealed his 14 January 2008 conviction for trafficking in various controlled substances, notably cocaine and prescription drugs, on or around 23 August 2006. Defendant claimed the trial court erred by allowing the admission of 404(b) evidence relating to charges for which defendant had previously been acquitted. Id. at __, 681 S.E.2d at 358.
The charges for which defendant had been acquitted arose out of defendant's 10 February 2005 arrest for possession of various controlled substances. Defendant was tried for possession of cocaine and possession of various prescription drugs. The trial judge dismissed the possession of prescription drugs charges due to insufficiency of the evidence. The jury convicted defendant of possessing cocaine with the intent to sell and deliver and maintaining a dwelling for same. This Court upheld those convictions in an unreported opinion of 17 March 2009. State v. Ward, No. COA08-5240, 2009 WL 678113 (N.C. App. March 17, 2009). Id. at __, 681 S.E.2d at 363.
At his 2008 trial, defendant Ward filed a motion in limine to exclude evidence obtained in connection with his 10 February 2005 arrest. The trial court allowed defendant's motion in part and denied it in part: the court allowed testimony that police found cocaine; the officer was also allowed to testify as to what was on the labels of the prescription bottles, but would not be allowed to testify as to what he thought was contained in the prescription bottles. Id. at __, 681 S.E.2d at 361-62. The trial court instructed the jury that the evidence regarding the 2005 arrest was "received solely for the purpose of showing that the defendant had the intent, . . . and that there existed in the mind of the defendant a plan, scheme, system or design involving the crimes charged in these cases." Id. at __, 681 S.E.2d at 362.
On appeal, this Court held that the admission of evidence relating to the seizures made in February 2005 was "permissible under N.C. Gen Stat. § 8C-1, Rule 404(b), for the purpose of showing intent, knowledge, identity and the existence of a common plan or scheme to engage in the unlawful sale of controlled substances . . . ." Id. at __, 681 S.E.2d at 364. This was because Rule 404(b) is a rule of inclusion, subject only to the limitation that evidence is not admissible to show propensity or disposition to commit a crime. Coffey, 326 N.C. at 278-79, 389 S.E.2d at 54.
The Court in Ward then considered whether the evidence was rendered inadmissible under Rule 403. Our Supreme Court has stated that Rule 403 could render inadmissible evidence otherwise admissible under Rule 404(b) where the probative value "depends upon defendant's having in fact committed the prior alleged offense." State v. Scott, 331 N.C. 39, 41, 413 S.E.2d 787, 788 (1992). As the Ward Court explained, this principle rests on the presumption of innocence which continues with the defendant after his acquittal. Ward, __ N.C. App. at __, 681 S.E.2d at 365.
In Ward, this Court held that to admit evidence of defendant's 2005 drug possession for which he had already been acquitted violated this principle. Id. This was because the probity of the 404(b) evidence (i.e. to show intent, knowledge, identity of defendant, or a common plan or scheme) depended upon defendant's having in fact possessed contraband in 2005. Although the possession of similar drugs would have been probative, the possession of miscellaneous bottles and a collection of unidentified pills was not probative of defendant's later possession of an illegal substance. Id. at __, 681 S.E.2d at 365-67.
We find Ward directly applicable to the facts before us. It is true that defendant in Ward had previously been acquitted, whereas Defendant here was not even charged for the prior bad acts. But to make this the basis for distinguishing the case would have the perverse result of affording more protection to a defendant who had been accused and tried, than to one who was never charged in the first place. Just as the trial court in Ward erred in admitting evidence that defendant had previously possessed some substance purported but not proven to be contraband, so too the trial court in this case erred in admitting Detective Porterfield's conclusion that the substance involved in the 8 November transaction appeared to be cocaine. The probative value of the 8 November transaction depends entirely on the substance involved being, in fact, cocaine. Thus, the trial court violated the rule enunciated in Scott, and applied in Ward, by allowing testimony of a visual identification of the substance involved in the 8 November transaction.
The Ward Court went on to hold that the error in that case was likely prejudicial with regard to defendant's conviction for various prescription medications. Id. at __, 681 S.E.2d at 367-68. In reaching this conclusion, the Court in Ward relied on a number of factors, "such as the inherently subjective nature of a determination of Defendant's intent and the fact that Defendant denied possessing certain of the controlled substances in question." __ N.C. App. at __, 681 S.E.2d at 367. The Ward Court also found a violation of Llamas-Hernandez in the testifying officer's visual identification of the prescription drugs for which defendant was then being tried. Thus, there was never a valid identification of the substances, neither those admitted under 404(b) nor those for which defendant was convicted. The prejudice of admitting a previous identification was thus manifest.[3]
Such is not the case here. "The test for prejudicial error is whether there is a reasonable possibility that, had the error not been committed, a different result would have been reached at trial." Scott, 331 N.C. at 46, 413 S.E.2d at 791. Unlike Ward, in the present case, there was no violation of Llamas-Hernandez in that the substance for which Defendant was actually convicted was identified by a chemical analysis. Unlike Ward, there was less subjectivity to the determination of Defendant's intention in his involvement in a drug sale. Unlike Ward, Defendant here cannot show that the error was so prejudicial that a different result would probably have been reached absent the error. This is because the 404(b) evidence admitted was, at worst, irrelevant.[4]
In light of the overwhelming evidence of Defendant's guilt of the 28 November transaction  the crime for which he was charged and convicted  we hold that the erroneous admission of the prior cocaine identification was not so prejudicial as to warrant a new trial. See State v. Fluker, 139 N.C. App. 768, 776, 535 S.E.2d 68, 73-74 (2000) (holding error was harmless given the overwhelming evidence against the defendant); State v. Robinson, 115 N.C. App. 358, 362, 444 S.E.2d 475, 477 (same), disc. rev. denied, 337 N.C. 697, 448 S.E.2d 538 (1994).

III. Jury Instructions
In his final argument, Defendant contends the trial court committed prejudicial error by giving jury instructions that allowed the jury to convict him based on a plan of which he had no knowledge. In particular, Defendant argues that the trial court misled the jury by omitting the words "that there existed in the mind of the defendant" from the pattern jury instruction on evidence of similar crimes or acts. We disagree.
In relevant part, the pattern jury instruction states that evidence of other crimes wrongs or acts "was received solely for the purpose of showing . . . that there existed in the mind of the defendant a plan, scheme, system or design involving the crime charged in this case." N.C.P.I.-Crim. 104.15 (2008). Defendant's argument overlooks the remainder of the trial court's instructions on other crimes, wrongs or acts, which states:
Now members of the jury, I instruct you that evidence of other acts by the defendant on or about November 8th, 2007 which the State contends are similar in nature to the offenses charged here are not admissible to prove the character of the defendant in order to show that he acted in conformity therewith on November 28th, 2007, or that he was disposed to commit an offense of the nature of the crimes charged here. And you may not consider it for that purpose.
It has been received and may be considered by you only for the purpose of showing, to the extent, if any, you find it does show:
One, the identity of the defendant in connection with the crimes for which he is being tried;

Two, that the defendant had the knowledge, which is a necessary element of the crimes charged in this case;
Three, the absence of mistake;
And four, evidence of the existence of a plan, system or method of operation involving the crimes charged in this case.
(emphasis added). Thus, the trial court's clear instruction, in the second permissible purpose, that knowledge "is a necessary element of the crimes charged in this case[,]" avoided any error that might otherwise have resulted from its omission from the fourth permissible purpose of language that any plan, system, or method of operation had to exist in the mind of the defendant.
Moreover, the trial court included instructions that the defendant must have had knowledge in relation to each substantive offense. Regarding the trafficking in cocaine by transportation charge, the trial court instructed that the State must prove "the defendant knowingly transported cocaine from one place to another"; concerning the trafficking in cocaine by possession charge, the State had to prove "defendant knowingly possessed cocaine"; and regarding the conspiracy to traffic in cocaine charge, the trial court instructed that Defendant must have entered an agreement and intended that it be carried out when it was made.
"If the charge as a whole presents the law fairly and clearly to the jury, the fact that isolated expressions, standing alone, might be considered erroneous will afford no ground for a reversal." State v. Chandler, 342 N.C. 742, 752, 467 S.E.2d 636, 641 (quoting State v. McWilliams, 277 N.C. 680, 684-85, 178 S.E.2d 476, 479 (1971)), cert. denied, Chandler v. North Carolina, 519 U.S. 875, 136 L. Ed. 2d 133 (1996). We conclude that the full context of the trial court's charge fairly informed the jury that Defendant must have had knowledge of any plan, system or method of operation. Accordingly, we find no merit to this argument.
No error.
Judge STROUD and BEASLEY concur.
Report per Rule 30(e).
NOTES
[1] State v. Scott, 331 N.C. 39, 41, 413 S.E.2d 787, 788 (1992).
[2] At trial, Escalera insisted that Defendant was not present during the 8 November transaction.
[3] "[T]he relevance of evidence that Defendant possessed various types of prescription medications on 10 February 2005 under each of the theories enunciated by the trial court in deciding that the evidence should be admitted hinges on a finding that Defendant did, in both instances, possess unlawful controlled substances, rendering that evidence inadmissible under the principle enunciated in Scott." Ward, __ N.C. App. at __, 681 S.E.2d at 365. (emphasis added)
[4] As Defendant recognizes, the prosecutor told the trial court: "Your Honor, to be very honest, It's not  these  proving of these particular events are not necessary to my case."